## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### BLUEFEILD DIVISION

| | | |
|---|---|---|
| ANTHONY CALDWELL, | ) | |
| | ) | |
| Petitioner, | ) | |
| v. | ) | Civil Action No. 1:17-03279 |
| | ) | |
| BARBARA RICKARD, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

### PROPOSED FINDINGS AND RECOMMENDATION

Pending before the Court is Petitioner's Application Under 28 U.S.C. § 2241 for Writ of *Habeas Corpus* by a Person in Federal Custody.[1] (Document Nos. 1 and 2.) By Standing Order, this matter was referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 5.) Having examined Petitioner's Section 2241 Application, the undersigned finds, and hereby respectfully recommends, that Petitioner's Application should be dismissed.

### FACT AND PROCEDURE

**A.    Criminal Action No. 5:12-cr-00015:**

On August 21, 2012, Petitioner pled guilty in the Western District of North Carolina to two counts of possession with intent to distribute cocaine base in violation of 21 U.S.C § 841(a) and (b)(1)(c). <u>United States v. Caldwell</u>, Case No. 5:12-cr-00015 (W.D.N.C. July 8, 2013), Document Nos. 12 and 13. On July 8, 2013, the District Court sentenced Petitioner to a

---

[1]    Because Petitioner is acting *pro se*, the documents which he has filed are held to a less stringent standard than if they were prepared by a lawyer and therefore construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

151-month term of imprisonment as to each count to run concurrently. Id., Document No. 19. The District Court further imposed a 3-year term of supervised release and a $200 special assessment. Id.

On July 11, 2013, Petitioner filed a Notice of Appeal. Id., Document No. 21. The United States filed a Motion to Dismiss arguing that Petitioner's appeal was barred by the waiver of the right to appeal included in the plea agreement. Id., Document No. 34. By Order filed on December 18, 2013, the Fourth Circuit Court of Appeals granted the United States' Motion to Dismiss. Id.

**B.      Section 2255 Motion:**

On November 6, 2014, Petitioner filed in the Western District of North Carolina a Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255. Id., Document No. 36. In his Motion, Petitioner asserted the following: (1) "Appeal waiver unenforceable under an ineffective assistance of counsel claim;" (2) "Petitioner is not a career offender in light of Descamps v. United States;" and (3) "Due process has been violated where the Presentencing Report was prepared after the plea agreement had been stipulated in this case." Id. By Order entered on March 16, 2015, United States District Judge Richard L. Voorhees denied Petitioner's Section 2255 Motion. Id., Document No. 37. On April 13, 2015, Petitioner filed his Notice of Appeal. Id., Document No. 38. By Order entered on August 25, 2015, the Fourth Circuit denied Petitioner a certificate of appealability and dismissed his appeal. Id., Document No. 41; United States v. Caldwell, 613 Fed.Appx. 244 (4th Cir. 2015).

**C.      Request for Authorization to File a Successive Section 2255 Motion:**

On May 10, 2016, Movant filed with the Fourth Circuit a "Motion for Authorization to

File a Successive Motion Under 28 U.S.C. § 2255" pursuant to 28 U.S.C. § 2244 based upon

Johnson v. United States, ___ U.S. ___, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015). In re: Anthony

Caldwell, Case No. 16-0671 (4th Cir.), Document No. 3. By Order entered on June 22, 2016, the

Fourth Circuit granted Movant's Motion seeking authorization to file a second or successive

application for relief under 28 U.S.C. § 2255. Id., Document No. 6.

**D.      Second Section 2255 Motion:**

On June 22, 2016, Petitioner, by counsel, filed in the Western District of North Carolina

his second Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255. Id.,

Document No. 48. As grounds for relief, Petitioner argued as follows: (1) Petitioner does not

qualify as a career offender in light of Johnson; (2) "The decision in Johnson applies

retroactively on collateral review, and Caldwell's claim is cognizable under § 2255;" and (3)

"This motion is timely under Section 2255(f)(3). Id. On March 28, 2017, Petitioner, by counsel,

filed a "Notice of Dismissal of 28 U.S.C. § 2255 Motion." Id., Document No. 49.

**E.      Section 2241 Petition:**

On June 15, 2017, Petitioner filed his instant Petition requesting relief under 28 U.S.C. §

2241. (Civil Action No. 1:17-03279, Document Nos. 1 and 2.) Petitioner argues that the

sentencing court improperly determined Petitioner met the criteria for career offender status

pursuant to U.S.S.G. § 4B1.2. (Id.) Petitioner states that his career offender enhancement was

based upon his "two 1993 North Carolina convictions for sell or delivery of cocaine" and "a

1995 North Carolina conviction for second degree murder." (Id.) Petitioner contends that he is

entitled to relief because his prior conviction for second degree murder no longer qualifies as a

predicate offense in the wake of the Supreme Court's decision in Mathis v. United States, 136

3

S.Ct. 2243 (2016) and <u>Descamps v. United States</u>, ___U.S. ___, 133 S.Ct. 2276, 186 L.Ed.2d 438 (2013). (<u>Id.</u>) Therefore, Petitioner argues that he can satisfy the requirements of the "savings clause" based upon <u>Mathis</u> and <u>Descamps</u>. (<u>Id.</u>) As relief, Petitioner requests that this Court vacate his current sentence and resentence him without the career offender enhancement. (<u>Id.</u>)

On April 23, 2018, Petitioner filed a document stating that he "would like to preserve [his] rights to present a <u>Dimaya</u> claim in the near future." (Document No. 7.) In support, Petitioner stated that he did not yet have access to the <u>Dimaya</u> decision because "prison computers are at least 30 days behind the Supreme Court's rulings."[2] (<u>Id.</u>)

## ANALYSIS

In considering an inmate's application for *habeas* relief under 28 U.S.C. § 2241, the

---

[2] In *Sessions v. Dimaya*, the United States Supreme Court held that the residual clause contained in 18 U.S.C. § 16(b) of The Immigration and Nationality Act ["INA"] was unconstitutionally vague. *Sessions v. Dimaya*, ___ U.S. ___, 138 S.Ct. 1204, 1223, 200 L.Ed.2d 549 (2018). The Supreme Court reasoned that the logic of its decision in *Johnson*, where the residual clause of the Armed Career Criminal Act ["ACCA"] (18 U.S.C. § 924(e)) was determined to be unconstitutionally vague, required the same result when considering the residual clause of 18 U.S.C. § 16(b). *Id.* at 1216. Since the residual clauses of Section 16(b) and Section 924(c)(3)(B) are nearly identical, the Fourth Circuit has generally "treated precedent respecting one as controlling analysis for the other." *In re Hubbard*, 825 F.3d 225, 231 n. 3 (4th Cir. 2016). Based upon the *Dimaya* decision, the Tenth, Fifth, and D.C. Circuit Courts have determined that the residual clause of Section 924(c)(3)(B) is also unconstitutionally vague. *See United States v. Salas*, 889 F.3d 681 (10th Cir. 2018); *United States v. Davis*, 903 F.3d 483 (5th Cir. 2018); and *United States v. Eshetu*, 898 F.3d 36 (D.C. Cir. 2018); *but also see United States v. Douglas*, 907 F.3d 1 (1st Cir. 2018)(finding *Dimaya* does not require similar result for the residual clause of Section 924(c)); *In re Garrett*, 908 F.3d 686 (11th Cir. 2018)(same); *United States v. Barrett*, 903 F.3d 166 (2nd Cir. 2018)(same). In the instant case, Petitioner filed a document "reserving" his right to assert a claim under *Dimaya*. (Document No. 7.) Petitioner filed the above document nearly eight months ago and has yet to file any supplemental document explaining how *Dimaya* applies to his case. Based upon a review of Petitioner's underlying criminal case, there is no indication that Petitioner was sentenced under the residual clause of either Section 16(b) or Section 924(c)(3)(B). Thus, there is no indication that Petitioner is entitled to relief under *Dimaya*. Furthermore, to the extent Petitioner believes *Dimaya* is applicable to his circumstances, Petitioner should file a Motion for Authorization to File a Successive Section

Court must consider whether the inmate is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); <u>Rose v. Hodges</u>, 423 U.S. 19, 21, 96 S.Ct. 175, 177, 46 L.Ed.2d 162 (1975). The Court notes that Section 2241 is merely a general grant of *habeas corpus* authority. <u>See</u> <u>Medberry v. Crosby</u>, 351 F.3d 1049, 1062 (11th Cir. 2003). More specific grants of *habeas corpus* authority are found in 28 U.S.C. § 2254 (state prisoners) and 28 U.S.C. § 2255 (federal prisoners). <u>See</u> <u>Thomas v. Crosby</u>, 371 F.3d 782, 785 (11th Cir. 2004). Section 2255 is the exclusive remedy for testing the validity of federal judgments and sentences unless there is a showing that the remedy is inadequate or ineffective. <u>In Re Jones</u>, 226 F.3d 328, 333 (4th Cir. 2000). The remedy under Section 2241 is not an additional, alternative or supplemental remedy to that prescribed under Section 2255. Rather, Section 2241 applies to circumstances factually quite different from those properly considered under Section 2255. While the validity of Petitioner's conviction and/or sentence is in issue under Section 2255, matters pertaining to Petitioner's "commitment or detention" are properly the subject under 28 U.S.C. § 2241. <u>See</u> 28 U.S.C. § 2242. Thus, in addition to those very narrow circumstances under which Section 2255 is "inadequate and ineffective," issues arising out of the allegedly unlawful or incorrect computation of Petitioner's sentence and resulting in an unconstitutional restraint upon his liberty are properly considered under 28 U.S.C. § 2241. Allegations that a federal conviction or sentence is invalid are therefore appropriately considered under Section 2255, and allegations respecting the execution of a federal sentence are properly considered under Section 2241. "A section 2241 petition that seeks to challenge the validity of a federal sentence must either be dismissed or construed as a section 2255 motion." <u>Pack v. Yusuff</u>, 218 F.3d 448, 452 (5th Cir.

---

2255 Motion with the Fourth Circuit Court of Appeals.

2000).

In view of the nature of the claims, the undersigned finds Petitioner's claims are ones properly considered under Section 2255, not Section 2241. Essentially, Petitioner challenges the validity of his sentence as imposed by the Western District of North Carolina. Specifically, Petitioner contends that his sentence is now invalid in light of <u>Mathis</u> and <u>Descamps</u>. Citing <u>Mathis</u> and <u>Descamps</u>, Petitioner argues that his prior second-degree murder conviction no longer qualifies as a predicate offense for purposes of designating him as a career offender under the Guidelines. Thus, Petitioner requests that his sentence be vacated. Accordingly, the undersigned will briefly consider Petitioner's claims under Section 2255 for the sole purpose of determining whether the instant Section 2241 Application should be (1) dismissed, or (2) construed as a Section 2255 Motion and transferred to the appropriate jurisdiction. See <u>Pack</u>, 218 F.3d at 452.

It is quite clear from the language in the first paragraph of 28 U.S.C. § 2255 that Motions thereunder must be filed in the sentencing Court. The first paragraph of 28 U.S.C. § 2255 provides as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, *may move the court which imposed the sentence to vacate, set aside or correct the sentence.*

(Emphasis added.) Viewing Petitioner's Application as a Section 2255 Motion, it is clear that this District Court lacks jurisdiction to consider it. Rather, jurisdiction is properly in the Western District of North Carolina. While a Section 2255 Motion filed in a Court other than the

sentencing Court should be transferred to the Court which sentenced the petitioner, Petitioner's instant Application should not be construed and transferred as a Section 2255 Motion because Petitioner has proceeded under Section 2255 in the sentencing Court at least once before and has not obtained certification/authorization to file a second or successive Motion from the Fourth Circuit Court of Appeals.[3]

   To the extent Petitioner is claiming that Section 2255 is inadequate or ineffective, the undersigned will consider his claims under Section 2241. Although a Section 2255 Motion is the proper vehicle for challenging a federal conviction or sentence, Section 2241 may be used by a federal prisoner to challenge the legality of his conviction or sentence if he can satisfy the mandates of the Section 2255 "savings clause." Section 2255 contains a "savings clause" that allows an individual to file a petition challenging his conviction or sentence in a venue other than the sentencing court if the Petitioner can establish that his remedy under Section 2255 is "inadequate or ineffective." In re Jones, 226 F.3d at 333("[W]hen § 2255 proves 'inadequate or ineffective to test the legality of . . . detention,' a federal prisoner may seek a writ of habeas

---

[3]   Under the Antiterrorism and Effective Death Penalty Act [AEDPA] Amendments to 28 U.S.C. § 2255 "[a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals." To obtain certification from the Court of Appeals, the Petitioner must demonstrate that the Motion contains:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the petitioner guilty of the offense; or
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255. Nevertheless, this Court need not reach the issue of whether Petitioner's Motion actually contains newly discovered evidence or presents a new rule of constitutional law. "[B]efore a prisoner can pursue a qualifying 'second or successive' 2255 Petition, he must obtain authorization from the court of appeals." 28 U.S.C. § 2244(b)(3)(A); also see Trenkler v. United States, 536 F.3d 85, 96 (1st Cir. 2008). The undersigned further notes that Petitioner asserted his

7

corpus pursuant to § 2241."); <u>Bradshaw v. Story</u>, 86 F.3d 164, 166 (10th Cir. 1996). The

Petitioner bears the burden of showing the inadequacy or ineffectiveness of a Section 2255

Application. <u>See</u> <u>McGhee v. Hanberry</u>, 604 F.2d 9, 10 (5th Cir. 1979). The fact that relief under

Section 2255 is barred procedurally or by the gatekeeping requirements of Section 2255 does not

render the remedy of Section 2255 inadequate or ineffective. <u>In re Jones</u>, 226 F.3d at 332; <u>Young</u>

<u>v. Conley</u>, 128 F.Supp.2d 354, 357 (S.D.W.Va.)(Chief Judge Haden), <u>aff'd</u>, 291 F.3d 257 (4th

Cir. 2001), <u>cert. denied</u>, 537 U.S. 938, 123 S.Ct. 46, 154 L.Ed.2d 242 (2002). The Fourth Circuit

has stated that "§ 2255 is inadequate and ineffective to test the legality of a conviction when: (1)

at the time of conviction, settled law of this circuit or the Supreme Court established the legality

of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the

substantive law changed such that the conduct of which the prisoner was convicted is deemed not

to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because

the new rule is not one of constitutional law." <u>In re Jones</u>, 226 F.3d at 333-34. In a panel opinion,

the Fourth Circuit recently extended the application of the savings clause to sentencing

challenges. <u>United States v. Wheeler</u>, 886 F.3d 415 (4th Cir. March 28, 2018). For purposes of

sentencing challenges, the <u>Wheeler</u> Court established a new savings clause test stating that

Section 2255 is inadequate and ineffective to test the legality of a sentence when: "(1) at the time

of sentencing, settled law of this circuit or the Supreme Court established the legality of the

sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the

aforementioned settled substantive law changed and was deemed to apply retroactively on

collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2)

---

*Descamps* claim in his first Section 2255 Motion.

8

for second or successive motion; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect."[4] Id. at 429. The <u>Wheeler</u> Court, however, clarified that "there is no doubt that *Jones* is still good law in this circuit." Id. at 427.

Based upon the foregoing, the undersigned concludes Petitioner has not demonstrated and cannot demonstrate that Section 2255 was inadequate or ineffective such that he could resort to Section 2241. Petitioner does not allege any substantive change in settled law occurring after his Section 2255 Motion that decriminalized the conduct of his conviction. Additionally, Petitioner cannot establish a retroactive change in substantive law such that Petitioner's sentence now presents an error sufficiently grave to be deemed a fundamental defect. Petitioner's reliance upon <u>Mathis</u> and <u>Descamps</u>[5] is misplaced as neither apply retroactively in this Circuit. See <u>Cox v.</u>

---

[4] In *Wheeler*, the United States filed a petition for rehearing en banc and the Fourth Circuit stayed the mandate pending a ruling on that motion. By Order entered on June 11, 2018, the Fourth Circuit denied the petition for rehearing en banc. *United States v. Wheeler*, 734 Fed.Appx. 892 (4ᵗʰ Cir. 2018); *United States v. Wheeler*, No. 16-6073, Document No. 60. In denying the petition, Circuit Judge Agee explained as follows:

> The issues in this case are of significant national importance and are best considered by the Supreme Court at the earliest possible date in order to resolve an existing circuit split that the panel decision broadens even farther. Because of the potential that the case may become moot if Wheeler is released from incarceration in October 2019, as projected, I have not request a poll of the Court upon the petition for rehearing en banc in order to expedite the path for the Government to petition for certiorari to the Supreme Court.

*Id.* The United States filed a Motion to Stay Mandate on June 13, 2018, Wheeler filed his Response in Opposition on June 14, 2018 and the United States filed its Reply on June 18, 2018. *Id.*, Document Nos. 61, 63 and 65. By Order entered on June 18, 2018, the Fourth Circuit denied the United States' Motion to Stay Mandate. *Id.*, Document No. 66. The Fourth Circuit issued its Mandate on June 26, 2018. *Id.*, Document No. 67. A petition for writ of certiorari was filed on October 3, 2018. *United States v. Wheeler*, Case No. 18-00420.

[5] In *Mathis v. United States*, ___ U.S. ___, 136 S.Ct. 2243, 195 L.Ed.2d 604 (2016), the Supreme Court clarified the proper application of the categorical and modified categorical approaches used in determining whether prior crimes could be considered as predicate offenses for sentencing

9

Wilson, 2018 WL 4961210, * 1 (4th Cir. 2018)(affirming district court's order declining to reopen petitioner's Section 2241 petition based on *Wheeler* because *Mathis* did not announce a new retroactively applicable rule); Copeland v. Kassell, 733 Fed.Appx. 717 (4th Cir. 2018)(finding that petitioner failed to satisfy the "test in *Wheeler*, because *Mathis* has not been deemed to apply retroactively on collateral review."); Walker v. Kassell, 726 Fed.Appx. 191, 192 (4th Cir. 2018)(stating that *Mathis* "has not been held retroactively applicable on collateral review, so [petitioner] may not proceed under § 2241"); Hatcher v. United States, 2017 WL 4445978, * 3 (S.D.W.Va. Oct. 5, 2017)(J. Johnston)(stating that "this Court joins numerous others in finding that *Mathis* did not announce a new rule of constitutional law that has been made retroactive on collateral review"); Stewart v. United States, 2017 WL 2361809, at * 5 (D.Md. May 31, 2017)(collecting cases holding that neither *Mathis* nor *Descamps* are retroactive); Morris v. Masters, 2017 WL 1196654, * 1 (S.D.W.Va. March 30, 2017)(J. Faber)(finding that *Descamps* is not retroactive); Payton v. United States, 2016 WL 6996743, * 2 (D.Md. Nov. 30, 2016)(same); Briscoe v. United States, 2015 WL 2451420, * 2 (N.D.W.Va. May 21, 2015), appeal dismissed, 624 624 Fed.Appx. 123 (4th Cir. 2015)(same). Despite Petitioner's arguments to the contrary, Petitioner cannot satisfy the second requirement of the Wheeler test. See Melancon v. Saad, 2018 WL 3653290, * 5 (N.D.W.Va. July 9, 2018)(dismissing 2241 petition where petitioner challenged the validity of his sentence based upon *Mathis* and *Descamps*). As stated above, Section 2255 is not rendered inadequate or

---

enhancements under the Armed Career Criminal Act ["ACCA"]. Specifically, the Supreme Court determined that a state crime does not qualify as a predicate offense "if its elements are broader than those of a listed generic offense." *Id.* In *Descamps v. United States*, ___U.S. ___, 133 S.Ct. 2276, 186 L.Ed.2d 438 (2013), the United States Supreme Court held that to determine whether a past conviction is a "violent felony" within the meaning of the ACCA, courts should use the

ineffective merely because an individual is barred procedurally or by the gatekeeping requirements of Section 2255. Therefore, Petitioner has failed to sustain his burden of showing the inadequacy or ineffectiveness of a Section 2255 Motion and his Section 2241 Petition should be dismissed.

## PROPOSAL AND RECOMMENDATION

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DISMISS** Petitioner's Section 2241 Petitions (Document Nos. 1 and 2) and **REMOVE** this matter from the Court's docket.

The Petitioner is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge David A. Faber. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days (filing of objections) and three (3) days (if received by mail) from the date of filing of these Findings and Recommendation within which to file with the Clerk of this Court, written objections, identifying the portions of the Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct.

---

categorical approach if the state statute is "indivisible."

466, 88 L. Ed. 2d 435 (1985); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985); <u>United States v.</u> <u>Schronce</u>, 727 F.2d 91 (4th Cir. 1984), <u>cert. denied</u>, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984).   Copies of such objections shall be served on opposing parties, District Judge Faber, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Petitioner, who is acting *pro se*.

Date: January 30, 2019.

Omar J. Aboulhosn
United States Magistrate Judge