IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BLUEFIELD

ANTHONY CALDWELL,

    Plaintiff,

v.                           CIVIL ACTION NO. 1:17-cv-03279

BARBARA RICKARD, Warden,

    Defendant.

## MEMORANDUM OPINION AND ORDER

    By Standing Order, this action was referred to United States Magistrate Judge Omar J. Aboulhosn for submission of findings and recommendations regarding disposition pursuant to 28 U.S.C. § 636(b)(1)(B). Magistrate Judge Aboulhosn submitted to the court his Findings and Recommendation ("PF&R") on January 30, 2019, in which he recommended that the district court dismiss plaintiff's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241.

    In accordance with the provisions of 28 U.S.C. § 636(b), the parties were allotted fourteen days, plus three mailing days, in which to file any objections to Magistrate Judge Aboulhosn's Findings and Recommendation. The failure of any party to file such objections constitutes a waiver of such party's right to a de novo review by this court. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989).

On March 15, 2019, the plaintiff filed a Motion for Leave to Amend Pursuant to Rule 15(c)(1)(B) Federal Rules of Civil Procedure. (ECF No. 12). Thereafter, the plaintiff submitted a letter to the court explaining that the motion (Id.) was accidentally filed with this court.[1] (ECF No. 14). Thus, the plaintiff's motion is not construed as an objection to the Magistrate Judge's PF&R and the motion is **DENIED** as moot. (ECF No 12).

Therefore, the parties failed to file any objections to the Magistrate Judge's Findings and Recommendation within the seventeen-day period. Having reviewed the Findings and Recommendation filed by Magistrate Judge Aboulhosn, the court adopts the findings and recommendations contained therein. Accordingly, the court hereby **DISMISSES** plaintiff's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF Nos. 1, 2) and this civil action and REMOVES this matter from the court's docket.

Additionally, the court has considered whether to grant a certificate of appealability. See 28 U.S.C. § 2253(c). A certificate will not be granted unless there is "a substantial showing of the denial of a constitutional right." 28 U.S.C. §

---

[1] The plaintiff explained that the "Motion to Amend, Pursuant to Rule 15(c) of the Fed. R. Civ. Procedure" was intended for the sentencing court in Statesville, North Carolina.

2253(c)(2).  The standard is satisfied only upon a showing that reasonable jurists would find that any assessment of the constitutional claims by this court is debatable or wrong and that any dispositive procedural ruling is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001).  The court concludes that the governing standard is not satisfied in this instance.  Accordingly, the court **DENIES** a certificate of appealability.

    The Clerk is directed to forward a copy of this Memorandum Opinion and Order to plaintiff and counsel of record.

    **IT IS SO ORDERED** this 6th day of May, 2019.

                        ENTER:

                          */s/ Daniel A. Faber*
                          David A. Faber
                          Senior United States District Judge